KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER BARTELL, an individual, on behalf of herself and those similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY COLLECTION SERVICE LLC, a Nevada LLC,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

**COMPLAINT**

Plaintiff, JENNIFER BARTELL (hereinafter referred to as "PLAINTIFF"), on behalf of herself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, CLARK COUNTY COLLECTION SERVICE LLC (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

- 1 -

("FDCPA"). DEFENDANT systematically and intentionally fails to identify the current creditor in its initial collection letters in violation of 15 U.S.C. § 1692g.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

### PARTIES

4. PLAINTIFF is a natural person residing Las Vegas, Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT was formed in Nevada, the principal purpose of whose business is the collection of debts, with a principal place of business at 8860 W Sunset Rd, Las Vegas, NV 89148.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another, and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about September 10, 2016, DEFENDANT mailed its initial collection letter to PLAINTIFF, a true and correct copy of which is attached as **Exhibit 1**.

11. In its letter, DEFENDANT states that there is a "past due balance" which is "regarding: Fremont Emergency Services/Sunrise." *Id.*

12. However, the letter does not identify the current owner of the debt. *Id*.

## CLASS ACTION ALLEGATIONS

13. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 12 inclusive, above.

14. PLAINTIFF brings this claim individually and on behalf of all others similarly situated. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a. Class Number One: A Nevada class consisting of consumers who:

        i. Within one year prior to the filing of this action;

        ii. Received an initial letter from DEFENDANT in connection with the collection of a consumer debt;

        iii. Which stated that the recipient had a "past due balance" which was "regarding" a particular entity;

        iv. Where such letter was not returned as undeliverable.

15. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that the class includes between 10,000 and 50,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

16. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether DEFENDANT's actions violate 15 U.S.C. § 1692g(a) by not explicitly identifying the current creditor in its initial collection letter;

- 3 -

      b.   The identities of individuals who received a similar letter from DEFENDANT which violated the above subsection; and

      c.   The total number of collection attempts that DEFENDANT made on consumers which violated the above subsections.

17. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

18. Upon information and belief, DEFENDANT has a practice and policy of failing to identify the current creditor in its initial collection letter.

19. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

20. PLAINTIFF is committed to vigorously pursuing her claims.

21. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

22. A class action regarding the issues in this case does not create any problems of manageability.

23.     If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(a)
### BROUGHT BY PLAINTIFF INDIVIDUALLY
### AND ON BEHALF OF THE CLASS

24.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 23 inclusive, above.

25.     Within five days of its initial communication with a consumer, a debt collector must send a written notice to the consumer containing the name of the current creditor.  15 U.S.C. § 1692g(a)(2).

26.     On or about September 10, 2016, DEFENDANT mailed its initial collection letter to PLAINTIFF.  Ex. 1.

27.     In its letter, DEFENDANT states that there is a "past due balance" which is "regarding: Fremont Emergency Services/Sunrise."  *Id.*

28.     The letter does not include the words "current creditor" or otherwise identify the owner of the alleged debt.

29.     By not explicitly identifying PLAINTIFF's current creditor, DEFENDANT violated 15 U.S.C. § 1692g(a)(2).  *See, e.g., Datiz v. Int'l Recovery Assocs.*, 2016 U.S. Dist. LEXIS 102695, at *30 (E.D.N.Y. Aug. 4, 2016).

30.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

31.     PLAINTIFF has been deprived of her legally protected right to receive a written notice that explicitly states the name of her current creditor, and therefore has standing for the purposes of Article III.

- 5 -

32. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

33. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6) For any and all other relief this Court may deem appropriate.

DATED this 20th day of June 2017.

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320

| | |
|---|---|
| 1 | |
| 2 | Las Vegas, NV 89149<br>Tel: (702) 300-1180<br>Fax: (504) 265-9492 |
| 3 | keren@gp-nola.com<br>*Attorney for Plaintiff* |